IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREA EGGLESTON MAYO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 1:17-cv-355-WKW-GMB |
| ) | [WO] |
| CHRISTOPHER CAPPS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 1, 2017, *pro se* Plaintiff Andrea Eggleston Mayo filed a notice of removal—entitled "Notice of Petition and Verified Petition for Warrant of Emergency Removal"—and attached as an exhibit a "Complaint for a Civil Case."[1] Docs. 1 & 1-1. Mayo's notice of removal names State of Alabama/Christopher Capps, Maurice Alfonso Eggleston, John Calvin White, J. Michael Conaway, Lori Collier Ingram, Benjamin Lewis, and Kalia Lane as defendants. Her "Complaint for a Civil Case" names the same defendants. In addition to these filings, Mayo filed a motion for leave to proceed *in forma pauperis*. Doc. 2. Having reviewed the filings, and for the reasons that follow, the court recommends that this case be REMANDED to the Circuit Court of Houston County, Alabama for lack of subject-matter jurisdiction.

Mayo's "Notice of Petition and Verified Petition for Warrant of Emergency

---

[1] Mayo has also filed two additional notices of removal and complaints in this court. These cases are styled as *Andrea Eggleston Mayo v. Samantha Alexis Mayo, et al.*, 1:17-cv-333-WKW-GMB (filed May 19, 2017), and *Andrea Eggleston Mayo v. Maurice Alfonso Eggleston, et al.*, 1:17-cv-334-WKW-GMB (filed May 19, 2017).

Removal" is a 37-page document alleging various constitutional and state-law claims arising out of divorce and child custody proceedings between Mayo and Maurice Alfonso Eggleston ("Mr. Eggleston").  Mayo identifies the underlying state-court matter in the notice of removal as "Case No: JU-2017-000010.01, in the Twentieth Judicial Circuit Court of Houston County, Alabama," and she requests "emergency removal" of this matter based on "the various jurisdiction of this United States District Court." Doc. 1.  Mayo seeks $5,000,000 in damages. Doc. 1.

Mayo has not submitted any of the relevant state-court filings to this court,[2] and since the underlying state-court action is designated as a juvenile action, the court records from the Circuit Court of Houston County, Alabama are confidential and unavailable for this court to review online.  As a result, there is presently nothing before the court indicating whether the underlying state-court action is still an active case; who the parties are in the state-court case, including whether Mayo is even a party and, if so, whether she is the plaintiff or the defendant; and the date on which the state-court case was filed so as to allow a determination regarding whether Mayo removed the case in a timely fashion.

Liberally construing Mayo's notice of removal, the court concludes that Mayo is asserting that this court has federal-question jurisdiction over her federal constitutional claims, *see* 28 U.S.C. § 1331, and supplemental jurisdiction over her state-law claims, *see*

---

[2] Mayo's petition is based "on the presumption that the Alabama State Court record will be made available to this Honorable Court upon Notice and Demand for Mandatory Judicial Notice." Doc. 1.  However, when a matter is removed from state court to federal court, it is the removing party's obligation—not the court's—to obtain and to file with the court "a copy of all process, pleadings, and orders served upon such defendant or defendants" in the underlying state-court action. 28 U.S.C. § 1446(a).  To date, Mayo has not submitted any of the records from the underlying state-court proceeding to this court, as required by statute.

28 U.S.C. § 1367.   However, Mayo's filings fail to establish that the court has subject-matter jurisdiction over this action.   Federal courts have limited jurisdiction and are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal quotation marks omitted).   "A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principal that a court should inquire," even on its own initiative, "into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.* at 410.   Even without a pending motion to remand, the court must remand a removed case *sua sponte* if subject-matter jurisdiction is lacking. *Taylor v. Phillips*, 442 F. App'x 441, 443 n.3 (11th Cir. 2011).

A removing party bears the burden of showing facts supporting a federal court's jurisdiction and removing a state-court case in a manner that complies with the removal statutes. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994).   Mayo has not met this burden.   She has not filed with this court a proper notice of removal together with all process, pleadings, and orders served upon the defendants. *See* 28 U.S.C. § 1446(a).   Moreover, even if Mayo's notice of removal was procedurally proper, it does not demonstrate how this court has subject-matter jurisdiction over this action.   There is no indication in the record that there is a federal cause of action pleaded in the underlying domestic-relations proceeding, or that the resolution of a state-law claim in that case necessarily depends on a substantial federal question. *See Woodroffe v. State of Fla.*, 2016

WL 375067, at *3 (M.D. Fla. Jan. 29, 2016).  There is also nothing in the record to suggest that this court has diversity jurisdiction over the matters at issue in the underlying state-court action.

When a party improperly removes an action to federal court, the case must be remanded. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1321 (11th Cir. 2001). Accordingly, for the reasons explained herein, the undersigned recommends that this case be REMANDED to the Circuit Court of Houston County, Alabama for lack of subject-matter jurisdiction and that the court abstain from ruling on Mayo's motion for leave to proceed *in forma pauperis* because it lacks the authority to do so.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation no later than **July 19, 2017**.  Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the district court.  The parties are advised that this report and recommendation is not a final order of the court, and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

4

DONE this 5th day of July, 2017.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE